## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA No. 19-1127 |
| | § | |
| **EDWARD T. STRINGFELLOW;** | § | |
| **WEEKS BAY PLANTATION, INC.,** | § | |
| | § | |
| Defendants. | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, **Edward T. Stringfellow ("Stringfellow"), and Weeks Bay Plantation, Inc ("Weeks Bay"),** alleges:

## JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Stringfellow is an individual citizen of the State of Alabama, and will receive actual notice of this filing by service upon him at his home, 300 River Route, Magnolia Springs, Alabama, 36555.

5. Weeks Bay is an Alabama corporation, with its principal place of business in Fairhope, Alabama. Weeks Bay is in the business of growing and sell organic farm products and hosting events, including live music events. Weeks Bay will receive actual notice of this filing by service upon its registered agent, Edward T. Stringfellow, at 12562 Mary Ann Beach Road, Fairhope, Alabama 36532.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work," **Exhibit 1**).

7. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com.

8. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. **Exhibit 2**.

9. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

10. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case when published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Thus, on information and belief, Defendants were on notice that the Work was copyright-protected.

11. Fewer than three years before this filing, Oppenheimer discovered that Defendants had infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his protected image in the manners depicted on **Exhibit 3**.

12. Upon information and belief, Defendants located and accessed Oppenheimer's Work on http://www.performanceimpressions.com, and placed it prominently on their social media Twitter account for the purpose of advertising and promoting the "blueberry jam" concert. The Work was displayed by Defendants on (at least) the following URLs:

- https://twitter.com/WeeksBayBerries/status/777529461608747008;
- https://pbs.twimg.com/media/CspW69FWcAEWm00.jpg;
- https://mobile.twitter.com/WeeksBayBERRIES/status/777529461608747008; *and*
- https://pbs.twimg.com/media/CspW69FWcAEWm00.jpg.

13. On, October 4, 2019, Oppenheimer's attorney sent a formal letter identifying the infringing URLs demanding Defendants cease and desist from their ongoing infringements, and seeking information about the uses to which the Work had been put, profits received, and the like. **Exhibit 4**.

14. Though several other communications, including emails and telephone discussions were had, it became clear that Defendants were uninterested in settlement, and so this suit became necessary.

## CAUSES OF ACTION

## COUNT I – COPYRIGHT INFRINGEMENT

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16. Defendants have infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

17. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution

in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

19. Alternatively, Defendants have recklessly/willfully infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said Works within the United States in violation of Title 17.

20. As is his pattern and practice, Oppenheimer had clearly marked the Work -- both on the face of the images in legible captions, and in the metadata -- with his CMI, including a © notice of copyright, stating that all rights are reserved, including instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Work from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title in it.

21. Upon information and belief, Defendants, or a third party acting on their behalf, saw Oppenheimer's copyright notice on the face of the Work prior to scraping it from the World Wide Web, and uploading it to the URLs listed in paragraph 12. Further, although chose to include Oppenheimer CMI on the face of the infringing images, upon information and believe, Defendants (or someone at their direction and control) removed Oppenheimer's CMI from within the metadata of the Work, before uploading and distributing it. Therefore, because they had the opportunity to appreciate that Oppenheimer

was the sole author and owner of the Work, and still used it without license or authorization, Defendants recklessly/willfully infringed the Work.

22. Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

23. Oppenheimer re-alleges and incorporates paragraphs 1 - 22 hereinabove as if recited *verbatim*.

24. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time Weeks Bay performed the infringing acts, Stringfellow was an officer, director, managers, and/or other principal of Weeks Bay.

25. On information and belief, Stringfellow controlled nearly all decisions of Weeks Bay, and was the dominant influence in the company. Stringfellow provided hands-on decision making with respect to the activities of Weeks Bay, making most of the decisions of the company. He therefore had the right and ability to supervise and/or control the infringing conduct of Weeks Bay, and/or to stop the infringements once they began. Upon information and belief, Stringfellow had an obvious and direct financial interest in the infringing activities of Weeks Bay.

26. Accordingly, Stringfellow is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of Weeks Bay.

**COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

27. Oppenheimer re-alleges and incorporates paragraphs 1 – 26 above as if recited *verbatim*.

28. Alternatively, Stringfellow has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their right and/or ability to stop the infringement(s) after they began.

29. On information and belief, Stringfellow is the dominant influence in Weeks Bay. He provides hands-on decision making with respect to the activities of the entity, sets and controls the company's policies and protocols, and establishes corporate rules and cultures which encouraged the infringing activities. Stringfellow therefore had the right and ability to supervise and/or control the infringing conduct of Weeks Bay – and of its employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Stringfellow had an obvious and direct financial interests in the infringing activities of the company he ran.

30. Accordingly, Stringfellow is personally liable to Oppenheimer as a contributory infringer for the infringing activities of Stringfellow.

## CAUSATION/DAMAGES

31. As a result of Defendants' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of Infringers' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

## RELIEF REQUESTED

32. Oppenheimer demands an accounting of Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of their gross profits, and/or all other benefits attributable thereto.

33. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages plus all of Defendants' profits attributable to the infringements.

34. Alternatively, and at Oppenheimer's post-verdict election, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505, as well as any other and further relief as this court deems just and proper, including pre and post judgment interest on all sums due.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

35. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner

whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

36. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

37. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

38. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants copyright infringements described herein;

39. In the alternative, at Oppenheimer's option after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for Work infringed pursuant to 17 U.S.C. § 504(c); or such other amount as the jury may deem proper pursuant to 17 U.S.C. § 504(c).

40. That Defendants be ordered to pay to Oppenheimer his costs including Lodestar attorney's fees; *and*

41.     That Oppenheimer may recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**BRISKMAN & BINION, P.C.**

By:     */s/ Charles J. Potts*
Charles J. Potts (POTC0053)
P.O. Box 43
Mobile, Alabama 36601
251.433.7600 Phone
251.433.4485 Facsimile
cpotts@briskman-binion.com

**LEJUNE LAW FIRM**

By:     */s Dana A. LeJune (Pro Hac Vice Pending)*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
1225 North Loop West, Suite 825
Houston, Texas  77008
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

**NORTH CAROLINA OFFICE:**
7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Office